FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

99 SEP 10 PM 3: 49

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TERRY REALTY COMPANY INC., )<br>     Plaintiff, )<br> )<br>-vs.- )<br> )<br>CNA COMMERCIAL INSURANCE, ET )<br>AL. )<br> )<br>     Defendant. | No. CV-98-P-2592-W<br><br>ENTERED<br><br>SEP 10 1999 |

OPINION

Oral argument was heard on the defendant's Motion to Strike and Motion for Summary Judgment at this court's July 9, 1999 motion docket. The defendant objects to two statements submitted by the plaintiff in response to the summary judgment motion. Because neither of these statements constitute inadmissible hearsay, the motion to strike is due to be denied. The defendant's motion for summary judgment is due to be granted because the court finds as a matter of law that the plaintiff failed to notify the defendant of the possibility of a lawsuit in a reasonably timely manner.

Facts[1]

The defendant, CNA Commercial Insurance ("CNA") issued a general liability insurance policy for casualty and loss to the plaintiff, Terry Realty Company ("Terry Realty") and its president, Joe L. Terry, Jr. ("Terry"). The policy period covered August 25, 1994 to August 25, 1995. The policy included a notice of the duties of the insured in the event of an occurrence,

---

[1] The recitation of facts is presented in the light most favorable to the plaintiff.

1

12

claim or suit, which required Terry to notify the insurance company "as soon as practicable" of an occurrence or an offense that could result in a claim.

On April 4, 1995, Clinton Parnell died in a fire in an apartment owned by Terry Realty. On June 17, 1996, David Sullivan, an attorney representing Mr. Parnell's mother, Dorothy Gilbert, sent a letter to Terry Realty informing the plaintiff that he was investigating whether Mrs. Gilbert had a viable claim against Terry Realty for the wrongful death of her son. Sullivan wrote that it was his understanding that there had been no smoke detector installed in Mr. Parnell's apartment, and requested that Terry notify his insurance company and have a representative from the company contact Sullivan. On July 10, 1996, Sullivan sent a second letter, addressed to Terry's attorney. It requested documentation on whether a detector had been installed, enclosed a copy of a draft complaint, and suggested that the parties negotiate a settlement.

Terry responded to the letters by informing Sullivan that a smoke detector had been placed in the apartment. Regardless, after further investigation, Sullivan filed a lawsuit on behalf of Ms. Gilbert in the Circuit Court of Jefferson County, Alabama, on March 26, 1997.

The plaintiff was served with the Gilbert Complaint on April 1, 1997. According to the plaintiff, the complaint was served on his father, Joe Terry, Sr., who suffers from Alzheimer's disease. The plaintiff claims that the elder Mr. Terry did not notify his son that he had received the complaint, and had possibly misplaced it. The plaintiff eventually filed an answer on March 20, 1998, almost a full year after service of the complaint.

The plaintiff notified the defendant of the fire and filed a claim for coverage and

representation on May 2, 1998.[2] On August 25, 1998, CNA denied the plaintiff's insurance claim. In September 1998, the plaintiff filed a petition for declaratory judgment in the Circuit Court of Jefferson County, seeking a declaration that the defendant owes it a duty to defend and indemnify Terry Realty in the Gilbert lawsuit. The defendant removed the case to this court, and moved for summary judgment on the grounds that the plaintiff failed to timely notify CNA of the underlying lawsuit and its potential obligations under the insurance policy.

## Analysis

### I. Motion to Strike

The defendant moves to strike two portions of affidavits filed by the plaintiff in response to the summary judgment motion. First, the defendant has requested that the testimony of Terry regarding his conversation with a local fire marshal be stricken as inadmissible hearsay. In his June 15, 1999 affidavit, Terry states that the fire marshal told him that although on his first visit to the site of the fire, the marshal had found no smoke detector, on a subsequent visit he had discovered the remnants of one beneath the rubble. The defendant is incorrect in its assertion that this statement is hearsay, offered for the truth of the matter asserted. It is offered by the plaintiff to show that Terry believed that a lawsuit by Mrs. Gilbert would be meritless and unlikely to be filed, not whether there was actually a smoke detector present at the time of the fire.

The defendant also objects to the plaintiff's testimony that his father signed for service of the underlying lawsuit. This statement is based on the plaintiff's personal knowledge of his

---

[2]Defendant alleges that it did not receive notice of the claim and copies of the suit papers until May 21, 1998. Although the court accepts the plaintiff's version of the facts for summary judgment purposes, the difference between the disputed dates does not affect the court's conclusions.

3

father's signature, and his comparison of that with the signature on the of the return receipt of the complaint. The statement does not constitute hearsay. Therefore, the motion to strike is due to be denied as to both statements.

II. Motion for Summary Judgment

The defendant moves for summary judgment on the grounds that the plaintiff breached the terms of his insurance policy by failing to timely notify the defendant of the fire and the possibility of a lawsuit arising out of it. Although Terry may not have been absolutely certain that a lawsuit would be filed until a year after the complaint was served, his duty to notify the insurance company under the policy arose much earlier.

It is clear under Alabama law that the failure of an insured to give timely notice, when required to do so by the policy, releases an insurer from its obligations. Reeves v. State Farm Fire and Casualty Co., 539 So.2d 252, 254 (Ala. 1989). The plaintiff argues that under Reeves, the reasonableness of the insured's delay in notifying the insurance company is a matter for a jury to determine. See id. However, as the Reeves court noted, "there are certain instances in which the excuse offered by the insured to justify the delay are unreasonable as a matter of law and afford no basis for submitting the issue to the jury." Id. The balance of the caselaw shows that this is one of those instances.

The CNA policy provided that the plaintiff notify his insurance company "as soon as practicable of an occurrence or an offense which may result in a claim." This means that notice must be given by the plaintiff "'within a reasonable time' in view of all the facts and circumstances." Aetna Ins. Co. v. Spring Lake, 350 So.2d 397, 399 (Ala. 1977) (quoting

4

Southern Guaranty Ins. Co. v. Thomas, 334 So.2d 879, 882 (Ala. 1976)).

In an Alabama Supreme Court case with facts similar to the case here, an insured did not notify his insurer of an accident he caused until a suit was actually filed six months after the incident. In Southern Guaranty Ins. v. Thomas, the insured strung a cable across property to discourage trespassers, which resulted in serious injury to a motorcyclist. 334 So.2d 879 (Ala. 1976). Two weeks after the incident, the insured received a letter from the motorcyclist's attorney notifying him that he intended to proceed with a lawsuit and specifically requesting that the insured notify his insurance carrier. Although the insured went to a lawyer, who told him to check into whether the homeowner's policy would cover the accident, he failed to do so. The insured did not notify the insurance company until six months after the incident. The insurer denied coverage and filed suit seeking a declaratory judgment that it had no duty to defend the insured or pay a judgment against him. Although a jury found that the insured had provided "reasonably timely notice," the supreme court found on appeal that the trial court should have found as a matter of law that the insured had failed to provide timely notice. The court held, that "[i]t was not the insured's duty under the terms of the policy to determine the probability of suit's being filed; it was his duty to give the insurer notice of any accident or occurrence and to forward to the insurer every demand within a reasonable time." Id. at 885.

The plaintiff in this case provides two excuses for failing to provide CNA with notice and copies of the suit papers until May 1998. First, Terry argues that his failure to timely notify the defendant was because he did not believe that he would be sued until he actually received notice that a complaint had been filed, about a year after it was actually filed. He states that the letters from Sullivan did not cause him to believe that suit was impending because they alluded to a

5

missing smoke detector, which he was confident had been present at the fire. Under Thomas, however, it is clear that "it was not [his] duty under the terms of the policy to determine the probability" of a lawsuit being filed (or to determine the merits of such an action) but to inform the defendant of an occurrence that might result in a claim. Terry was explicitly told by Sullivan that a fire had occurred at his property and that he might be subject to a wrongful death suit as a result. This triggered his duty to notify CNA of its obligation to defend or indemnify him in the future.

Second, Terry contends that he failed to receive the complaint until well after it was served because his father had received the documents and possibly misplaced them due to his illness. Even if this second excuse is reasonable, it fails to excuse his neglect in notifying CNA at the time of the fire or after he and his lawyer had received correspondence explicitly threatening a lawsuit. The plaintiff's failure to notify the defendant until well after the fire and the death occurred necessitates a finding that the notice was untimely as a matter of law.

Dated: _Sept. 10_, 1999

_Sam C. Pointer_
Chief Judge Sam C. Pointer, Jr.

Service list:
    J.B. Terry
    A. Joe Peddy
    Matthew C. Williams